UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERICAN CHEMICAL SERVICE SITE RD/RA AGREEMENT MEMBERS,        Plaintiff, | ) ) ) ) | |
| vs. | ) ) | 1:08-cv-0741-RLY-JMS |
| ADMIRAL INS. CO., AMERICAN EMPIRE SURPLUS LINES INS. CO., APPALACHIAN INS. CO., CERTAIN UNDERWRITERS OF LLOYDS, LONDON & CERTAIN LONDON MARKET INSURERS, COLUMBIA CASUALTY INS. CO., CONSTITUTION STATE INS. CO., EMPLOYERS INS. CO. OF WAUSAU, FIRST STATE INSURANCE CO., INTERNATIONAL SURPLUS LINES INS. CO., INTERSTATE FIRE & CASUALTY CO., MUTUAL FIRE, MARINE& INLAND INS. CO., NORTH STAR REINSURANCE CORP., and TWIN CITY FIRE INS. CO.,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

### ENTRY ON (1) PLAINTIFF'S MOTION TO REMAND, (2) DEFENDANT'S MOTION TO TRANSFER, AND (3) PLAINTIFF'S MOTION TO STAY

On April 29, 2008, American Chemical Service Site RD/RA Agreement Members

("ACS Site Group") filed its Complaint for Declaratory Judgment in Marion County,

Indiana, Environmental Court.  Defendant Interstate Fire & Casualty Company

("Interstate") removed the action to the United States District Court for the Southern

District of Indiana on June 4, 2008, alleging federal subject matter jurisdiction under 28

1

U.S.C. §§ 1334(b) and (e).  Now before the court is ACS Site Group's Motion to Remand.  For the foregoing reasons, that motion is **GRANTED**.  ACS Site Group also requests that it be awarded costs, expenses, and attorney fees under 28 U.S.C. § 1447(c).  That request is **DENIED**.

Also before the court is Interstate's Motion to Transfer Case and ACS Site Group's Motion to Stay Any Decision on Transfer.  As the court finds that this case must be remanded to state court, those motions are **DENIED AS MOOT**.

**I.     Background**

This case arises out of the Chapter 7 bankruptcy liquidation of DeMert & Dougherty, Inc. ("DeMert").  ACS Site Group and the United States both filed unsecured claims in the bankruptcy, based on DeMert's liability for cleanup costs at an Indiana Superfund site.  On January 24, 2006, DeMert, ACS Site Group, and the United States entered into a Consent Decree resolving these claims.  (Docket # 1-2 ("Consent Decree")).  The Consent Decree was lodged in the United States District Court for the Northern District of Indiana and was approved in the United States District Court for the Northern District of Illinois.

Pursuant to the Consent Decree, the United States' claim in the bankruptcy was deemed withdrawn.  (Consent Decree ¶ 4(b)).  ACS Site Group's claim was reduced from $70 million to $2.225 million.  (*Id.* ¶ 4(a)).  To cover ACS Site Group's $2.225 million claim for DeMert's share of cleanup costs, DeMert assigned any and all of its rights to receive payment under the insurance policies issued by certain insurers–the defendants in

the instant case. (*Id.* ¶ 14(b)).  The United States also assigned any right it might have to recover under DeMert's insurance policies to ACS Site Group.  (*Id.* ¶ 20).

The bankruptcy liquidation, which began in 1996, is now in its final stages. (Docket # 36-5 ("Trustee Report") ("all environmental issues resolved, final report being drafted")).  All assets of the estate have been fully administered or are zero, and any additional claims were barred as of February 20, 2000.  (*Id.*).  The instant action is for declaratory judgment.  ACS Site Group seeks a declaration that DeMert's insurers are obligated to provide coverage for DeMert's liability for environmental damage at the Indiana Superfund site.

## II.     Discussion

Pursuant to 28 U.S.C. § 1452(a), a party may remove a civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334."  In the instant case, Interstate argues that this court has jurisdiction under 28 U.S.C. § 1334(b) because ACS Site Group's action for declaratory judgment is "related to" the DeMert bankruptcy. Interstate also argues that this court has jurisdiction under 28 U.S.C. § 1334(e) because the insurance policies at issue are the "property" of the DeMert bankruptcy estate. Alternatively, Interstate argues that federal jurisdiction exists because the United States District Court for the Northern District of Indiana expressly retained jurisdiction in the Consent Decree entered into by DeMert, ACS Site Group, and the United States.

### A.     Jurisdiction Under 28 U.S.C. § 1334(b)

3

Section 1334(b) provides that federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [bankruptcy], or arising in or related to cases under title 11." While "related to" jurisdiction has "some breadth," it "cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). The Seventh Circuit has explained that "related to" jurisdiction is "intended to encompass tort, contract, and other legal claims by and against the debtor . . . [and] suits to which the debtor need not be a party but which may affect the amount of property in the bankruptcy estate." *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994). As the debtor, DeMert, is not a party to this action, the relevant inquiry is whether the insurance policies proceeds at issue affect the amount of property in the DeMert bankruptcy estate.

Interstate cites *In re U.S. Brass Corp.* for the proposition that insurance coverage litigation is "related to" the bankruptcy of the insurance policy holder. 110 F.3d 1261 (7th Cir. 1997). However, Interstate overlooks two important distinctions from the instant case. In *U.S. Brass*, the debtor (and insurance policies holder) was a party to the proceeding. This alone was enough to give the district court "related to" jurisdiction under the standard expressed in *Zerand-Bernal Group, Inc*. Additionally, the debtor held all rights to the proceeds under the disputed insurance policies. If the debtor prevailed in court, the proceeds under the insurance policies would go to the debtor, thereby "affect[ing] the amount of property in the bankruptcy estate." The set of facts in *U.S. Brass* is not analogous to the instant case, and Interstate fails to cite to any case where the court held that "related to" jurisdiction existed where a debtor had assigned his rights

4

under an insurance policy to a third party.

In the instant case, the insurance policies proceeds in dispute would not affect the amount of property in the DeMert bankruptcy estate. DeMert assigned any and all of its rights to receive payments from the insurers for the liability claims related to the Indiana Superfund site to ACS Site Group. Interstate argues that this action does affect the amount of property because the insurance companies would pay the proceeds to the DeMert bankruptcy estate, which would then distribute the money to ACS Site Group. This is a hyper-technical interpretation. The policy behind federal jurisdiction in bankruptcy proceedings is to allow competing claims to be resolved in one forum. *See In the Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). In the instant case, there are no creditors competing for a share of the insurance policies proceeds. The only other party with a claim against DeMert for its share of cleanup costs was the United States, and it assigned any right it might have to the insurance policies proceeds to ACS Site Group. Even if DeMert still had creditors with existing claims, those creditors could not compete for the proceeds from the insurance policies because the right to that money has already been assigned to ACS Site Group. This action has no affect on the DeMert bankruptcy estate, and therefore, federal jurisdiction does not exist under § 1334(b).

**B.     Jurisdiction Under § 1334(e)**

Pursuant to 28 U.S.C. § 1334(e)(1), "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the property

of the estate." No one disputes that the insurance policies are the property of the bankruptcy estate. However, the insurance policies themselves are not the "property" at issue in this case–the insurance policies *proceeds* are. Therefore, the court must determine whether the insurance policies proceeds are the property of the bankruptcy estate.

As discussed above, DeMert assigned to ACS Site Group its right to receive payment under the insurance policies for DeMert's alleged share of liability for past and future response costs with respect to the Indiana Superfund site. Despite that assignment, Interstate argues that the proceeds are at least partially the property of the bankruptcy estate because the Consent Decree limited ACS Site Group's right to collect to $2.225 million, meaning that any proceeds above that amount still belong to the bankruptcy estate. This is an incorrect summation of the Consent Decree. DeMert assigned *any and all* of its right to receive payments under the insurance policies to ACS Site Group. The assignment did not include any dollar amount limitation. The $2.225 million figure comes from ACS Site Group's agreement to limit its claims against DeMert for that amount. Furthermore, even if Interstate's assertion that the bankruptcy estate would be entitled to any proceeds in excess of $2.225 million were true, the claim bar date for any additional claims has passed. There is no possibility that DeMert will receive any insurance proceeds in excess of $2.225 million as all insurance proceeds under DeMert's policies have been assigned to ACS Site Group. As the insurance policies proceeds are no longer the property of the bankruptcy estate, federal jurisdiction does not exist under § 1334(e)(1).

### C. Jurisdiction Under the Consent Decree

In a footnote to its Memorandum of Law in Opposition to Motion to Remand, Interstate argues that the United States District Court for the Northern District of Indiana has expressly retained jurisdiction over ACS Site Group's attempt to assert rights granted in the Consent Decree. While the Consent Decree does provide that the Northern District of Indiana "shall retain jurisdiction over this matter for purposes of interpreting and enforcing the terms of the Consent Decree," the court finds that the instant action does not fall within the scope of the jurisdiction retained by the Northern District. This is not a matter of interpretation because there is no dispute that the Consent Decree did in fact assign DeMert's rights to receive payment under the insurance policies to ACS Site Group. This is also not a matter of enforcement because DeMert is not asserting that it still holds the rights to receive payments under the insurance policies. Furthermore, Interstate was not a party to the "matter" over which the Northern District retained jurisdiction. Accordingly, the court finds that the Northern District of Indiana does not have jurisdiction over this action under the Consent Decree.

## III. Attorney Fees

When granting a motion to remand, the court may award the prevailing party "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This type of award is appropriate only where the defendant "lacked an objectively reasonable basis for seeking removal." *Lott v. Pfizer, Inc,* 492 F.3d 789, 793 (7th Cir. 2007) (*quoting Martin v. Franklin Capital Corp.*, 546

U.S. 132, 141 (2005)). In determining whether an objectively reasonable basis exists, the court should examine the "clarity of the law at the time the notice of removal was filed. *Id.* (*citing Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). While courts in the Seventh Circuit have addressed insurance policies proceeds in relation to "related to" and "property of the bankruptcy estate" jurisdiction, none of those cases have involved a situation where the insurance policies proceeds had been assigned to a third party. Accordingly, there was an objectively reasonable basis for removal, and ACS Site Group's request for attorney fees and costs is **DENIED**.

## IV.    Transfer of Venue

On June 11, 2008, Interstate filed a motion to transfer this action to the United States District Court for the Northern District of Illinois. On June 16, 2008, ACS Site Group filed a motion to stay any decision on transfer until the court ruled on the motion to remand. As the court has ruled to remand this action to state court, the motions concerning transfer of venue are both deemed **MOOT**.


## V.    Conclusion

For the foregoing reasons, ACS Site Group's Motion to Remand (Docket # 36) is **GRANTED** and this action is remanded to the Marion County Environmental Court. However, the request for attorney fees and costs is **DENIED**. Interstate's Motion to

Transfer (Docket # 24) and ACS Site Group's Motion to Stay (Docket # 37) are **DENIED AS MOOT**.

**SO ORDERED** this 17th day of October 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Amy Joan Adolay
KRIEG DEVAULT LLP
aadolay@kdlegal.com

Knight S. Anderson
HILL FULWIDER MCDOWELL FUNK MATTHEWS
knight@hfmfm.com

Michael J. Balch
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
mbalch@skadden.com

Monica M. Berry
BRYCEDOWNEY LLC
mberry@brycedowney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Geoffrey A. Bryce
BRYCE DOWNEY LLC
gbryce@brycedowney.com

Adam A. Carroll
BINGHAM MCHALE LLP
acarroll@binghammchale.com

Thomas J. Costakis
KRIEG DEVAULT, LLP
tcostakis@kdlegal.com

Michael L. Duffy
HINKHOUSE WILLIAMS WALSH, LLP
mduffy@hww-law.com

Timothy J. Fagan
SMITHAMUNDSEN LLC
tfagan@salawus.com

Jeffrey D. Featherstun
PLEWS SHADLEY RACHER & BRAUN
jfeather@psrb.com

Jeffrey B. Fecht
RILEY BENNETT & EGLOFF LLP
jfecht@rbelaw.com

Stacy S. Freel
KARBAL COHEN ECONOMOU SILK & DUNNE, LLC
sfreel@karballaw.com

Leonard P. Goldberger
STEVENS & LEE P.C.
lpg@stevenslee.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Meredith V. Hattendorf
LOCKE LORD BISSELL & LIDDELL LLP
mhattendorf@lockelord.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Carolyn E. Kang
BRYCEDOWNEY LLC
ckang@brycedowney.com

Wayne S. Karbal
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
wkarbal@karballaw.com

Richard McDermott
HINKHOUSE WILLIAMS WALSH, LLP
rmcdermott@hww-law.com

Peter P. McNamara
RIVKIN RADLER LLP
peter.mcnamara@rivkin.com

Charles F. Morrissey
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
cmorrissey@karballaw.com

Kenneth A. Perry
SMITHAMUNDSEN LLC
kperry@salawus.com

Stephen J. Peters
HARRISON & MOBERLY
speters@h-mlaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Laura Sue Reed
RILEY BENNETT & EGLOFF LLP
lreed@rbelaw.com

Mary Kaye Reeder
RILEY BENNETT & EGLOFF LLP
mreeder@rbelaw.com

Richard A. Rocap
ROCAP WITCHGER, LLP
rar@rocap-witchger.com

Karen B. Scheidler
PLEWS SHADLEY RACHER & BRAUN
kscheidler@psrb.com

Daniel I. Schlessinger
LOCKE LORD BISSELL & LIDDELL, LLP
dschlessinger@lockelord.com

Katherine L. Shelby
BINGHAM MCHALE LLP
kshelby@binghammchale.com

David A. Temple
DREWRY SIMMONS VORNEHM, LLP
dtemple@drewrysimmons.com

Lynn A. Toops
DREWRY SIMMONS VORNEHM, LLP
ltoops@drewrysimmons.com

David E. Trainor
COLLIAU ELENIUS MURPHY CARLUCCIO KEENER & MORROW
david.trainor@cna.com